**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SARAH NUNZIATO, on behalf of
herself and those similarly situated,

    Plaintiff,

vs.                                          Case No. 3:08-cv-349-J-32TEM

ACI CONSTRUCTION SERVICES,
INC., a Georgia Corporation, f/k/a
AVIATION CONSTRUCTORS, INC.,

    Defendant.

_____

**ORDER[1]**

This matter is before the Court on the parties' Joint Stipulation For Dismissal With Prejudice. (Doc. 15.) This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff[2] seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and declaratory relief. (Doc. 1.) In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d 1350, 1353, 1355 (11th

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Although Plaintiff filed this case "on behalf of herself and those similarly situated," the record reflects that plaintiff has not even attempted to meet her burden of demonstrating that the proposed class is similarly situated. 29 U.S.C. § 216(b). See Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008).

Cir. 1982).  See also, Honey v. Stafford Transport of Florida, Inc., No. 3:06-cv-76-J-33TEM, 2006 WL 3708087, at *1 (M.D. Fla. Dec. 14, 2006).  However, "*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims." Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003).  Where the employer offers the plaintiff full compensation to which he was arguably entitled on his FLSA claim, no compromise is involved and judicial approval is not required.  Id.; see also Alexander v. Florida Contracting Co., No. 6:08-CV-88-ORL-19KRS, 2008 WL 2073881, at *1 (M.D. Fla. May 14, 2008); Davidson v. Orange Lake Country Club, Inc., No. 6:06-CV-1674-ORL-19KRS, 2008 WL 976846, at *1 (M.D. Fla. April 9, 2008); Crooms v. Lakewood Nursing Center, Inc., No. 3:07-cv-435-J-32TEM, 2008 WL 398933, at *1 (M.D. Fla. Feb. 12, 2008); Aiello v. Daytona Beach Lincoln Mercury, Inc., No. 6:07-cv-1794-Orl-28KRS, 2008 WL 89772, at *1 (M.D. Fla. Jan. 7, 2008); but see Silva v. Miller, 547 F. Supp.2d 1299, 1302 n.2 (S.D. Fla. 2008)(disagreeing that judicial approval of an FSLA settlement not required where employer offers plaintiff employee full compensation).

Here, the parties' joint stipulation seeking an entry of an Order dismissing the case with prejudice, filed pursuant to Rule 41(a)(1), Federal Rules of Civil Procedure, references a Confidential Settlement Agreement and Release of Claims.  (Doc. 15.)  The settlement agreement has not been filed with the Court.  However, "[p]laintiff represents and acknowledges payment in full for all of his [sic] claims, including his claims for overtime, liquidated damages and attorney's fees and costs."  (Id.)  Based upon plaintiff's representation that the settlement agreement pays to her all past due compensation to which she was arguably entitled under the FLSA and her attorney's fees and costs, the settlement

agreement is necessarily "fair," and requires no judicial scrutiny.

Accordingly, it is hereby

**ORDERED:**

1. This action is hereby **DISMISSED WITH PREJUDICE**.

2. The deadlines, hearing and trial dates set forth in the Court's Amended Case Management and Scheduling Order (Doc. 9) are **VACATED**.

3. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of October, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record

3